UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

UNITED STATES OF AMERICA          CRIMINAL DOCKET NO.: 15-143

VERSUS

JOHN STEVEN BLOUNT

**MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

MAY IT PLEASE THE COURT:

John Steven Blount moves the Court to set aside and correct his sentence under 28 U.S.C. § 2255 because he received ineffective assistance of counsel at sentencing and on direct appeal. That ineffective assistance of counsel resulted in a legally erroneous guideline calculation, and he was prejudiced by that error because this Court imposed a guideline sentence of 235 months.

The specific guideline error is the simultaneous imposition of enhancements under U.S.S.G. § 2B1.1(b)(19) and § 3B1.3. Mr. Blount's properly calculated guideline range is 151-188 months, and accordingly, Mr. Blount was prejudiced by his attorney's failure to object to this enhancement, and his attorney's failure to appeal the guideline error.

**A. Procedural History.**

A bill of information charged Mr. Blount with one count of wire fraud, in violation of 18 U.S.C. § 1343, on July 8, 2015. Doc. 1. Mr. Blount entered a guilty plea and signed a factual basis on July 16, 2015. Doc. 9. Mr. Blount's plea agreement does not contain an appeal waiver. The United States Probation Office prepared a draft presentence report on September 2, 2015. Mr. Blount's attorney filed objections to the presentence report. He did not object, however, to the imposition of a two-point enhancement under U.S.S.G. § 3B1.3. The government also filed

objections to the presentence report, and the probation officer issued a revised report on September 29, 2015. On October 22, 2015, before the sentencing hearing, the district court issued a memorandum ruling addressing each of the objections to the presentence report. Doc. 16. The revised presentence report, approved by the district court, called for a total offense level of 36, with a guideline range of 188-235 months.

The district court sentenced Mr. Blount to 235 months in prison. Mr. Blount's counsel did not file a notice of appeal, which was permitted under the plea agreement, challenging the guideline calculation.

This § 2255 motion is timely filed less than one year following the date that the conviction became final, November 12, 2015, which is the 14-day deadline from which Mr. Blount could have filed his notice of appeal from the judgment entered on October 29, 2015. "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) (citing *United States v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008)).

    B. **Legal Analysis.**

        1. **Ineffective assistance of counsel.**

To prevail on a claim of ineffective assistance of counsel, Mr. Blount must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A failure to establish either prong defeats the claim. *Id.* at 697. A prisoner makes the required showing of prejudice if he demonstrates "that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Porter v. McCollum*, 558 U.S. 30, 38–39, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009) (internal quotation marks and citation omitted).

Here, Mr. Blount's attorney's performance fell below an objective standard of reasonableness because he failed to object to or appeal a guideline error that was specifically provided for in the guidelines manual. The top of the properly calculated guideline range is 47 months lower than the guideline sentenced imposed. But for counsel's failure to object, there is a reasonable probability that the result would have been different, *i.e.*, that Mr. Blount's sentence would have been within the correct guideline range, the top of which being approximately four years less than the guideline sentence imposed.

2. **The guideline error.**

In Mr. Blount's case, the presentence report recommended, and the district court accepted and adopted the following guideline calculation:

| Base Offense: § 2B1.1 | +7 |
|---|---|
| Loss greater than $2,500,000: § 2B1.1(b)(1)(J) | +18 |
| More than 50 victims: § 2B1.1(b)(2)(B) | +4 |
| Violation of order: § 2B1.1(b)(9)(C) | +2 |
| Investment advisor: § 2B1.1(b)(19)(A) | +4 |
| Vulnerable victim: § 3A1.1(b)(1) | +2 |
| Special skill: § 3B1.3 | +2 |
| Acceptance of responsibility: § 3E1.1 | -3 |
| Total offense level | 36 |

With a criminal history category I, an offense level of 36 resulted in a guideline range of 188-235 months.  Mr. Blount's attorney made the following objections to the guideline calculation:  1) the government had not carried its burden to prove 50 or more victims[1]; 2) the vulnerable victim enhancement did not apply pursuant to § 2B1.1, Application Note 4(D)[2]; 3) the § 2B1.1(b)(9)(C) enhancement should not apply because the prior order that was violated was against New York Life, not against Mr. Blount, personally.

Mr. Blount's attorney did not object to the imposition of the special skill enhancement under § 3B1.3, even though Application Note 15(C) to the § 2B1.1 guideline unequivocally instructs:

> (C) <u>Nonapplicability of §3B1.3 (Abuse of Position of Trust or Use of Special Skill).</u>—If subsection (b)(19) applies, do not apply § 3B1.3.

Further, § 3B1.3 instructs:  "This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic."  And that is precisely what the four-point enhancement under § 2B1.1(b)(19) is:  a specific offense characteristic accounting for the defendant's position as an investment advisor.

Despite two clear guideline instructions to the contrary, Mr. Blount's attorney did not object to the simultaneous imposition of the § 2B1.1(b)(19) and § 3B.1.3 enhancements, and he did not later appeal the sentence as based on an incorrectly calculated guideline range.  Given the clear guideline instructions, this is not a close call or a strategic decision.  It was probably an honest mistake.  But it was an honest mistake that would have changed the outcome of the

---

[1] The presentence report contained a listing of the victims that identifies at least 50 persons.
[2] This objection was not well founded because the application note states that if a victim enhancement applied under § 2B1.1(b)(2)(B) or (C), an enhancement under § 3A1.1(b)(2) shall not apply.  The presentence report called for an enhancement under § 3A1.1(b)(1), however.

sentencing proceeding. When the two-point enhancement under § 3B1.3 is removed, the total offense level is lowered to 34, for a guideline range of 151 to 188 months. The district court imposed a sentence of 235 months—the top of the incorrect range, and almost four years above the top of the properly corrected range.

### 3. The appeal would have been successful.

Had Mr. Blount's attorney objected to the guideline calculation, and that objection was overruled, he would have received the favorable *de novo* standard of review on appeal. But even absent a contemporaneous objection, Mr. Blount could have successfully appealed the guideline error, even on plain error review.

"The Guidelines are complex, and so there will be instances when a district court's sentencing of a defendant within the framework of an incorrect Guidelines range goes unnoticed. In that circumstance, because the defendant failed to object to the miscalculation, appellate review of the error is governed by Federal Rule of Criminal Procedure 52(b)." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342–43, 194 L. Ed. 2d 444 (2016).

Under Rule 52(b)'s plain error analysis, Mr. Blount would have carried the burden to establish: 1) an error; 2) that the error was plain; 3) that his substantial rights were affected; and 4) that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).

The plain language of the application note makes it clear that the application of the two-point enhancement under § 3B1.3 when the §2B1.1(b)(19) enhancement applied was error. To satisfy the third prong, in the sentencing context,

> Nothing in the text of Rule 52(b), its rationale, or the Court's precedents supports a requirement that a defendant seeking appellate review of an unpreserved

> Guidelines error make some further showing of prejudice beyond the fact that the erroneous, and higher, Guidelines range set the wrong framework for the sentencing proceedings. This is so even if the ultimate sentence falls within both the correct and incorrect range. When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.

*Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345, 194 L. Ed. 2d 444 (2016). Mr. Blount has more than satisfied this prong because the sentence imposed does not fall within both the correct and incorrect range—it is well outside of the correct range.

Regarding the fourth prong, the Supreme Court has noted that the "Guidelines' central role in sentencing means that an error related to the Guidelines can be particularly serious. A district court that 'improperly calculat[es]' a defendant's Guidelines range, for example, has committed a 'significant procedural error.'" *Molina-Martinez*, 136 S. Ct. at 1345–46 (quoting *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). After analyzing statistical evidence demonstrating the importance of the guideline calculation in determining the ultimate sentence imposed, the Supreme Court explained,

> The Guidelines inform and instruct the district court's determination of an appropriate sentence. In the usual case, then, the systemic function of the selected Guidelines range will affect the sentence. This fact is essential to the application of Rule 52(b) to a Guidelines error. From the centrality of the Guidelines in the sentencing process it must follow that, when a defendant shows that the district court used an incorrect range, he should not be barred from relief on appeal simply because there is no other evidence that the sentencing outcome would have been different had the correct range been used.

*Molina-Martinez*, 136 S. Ct. at 1346.

Under this analysis, had Mr. Blount's attorney appealed the guideline error, even without a contemporaneous objection, the appeal would have been successful, and the case would have been remanded for resentencing under the properly calculated guideline range.

### 4. Mr. Blount was prejudiced by his attorney's failure to object and appeal.

Mr. Blount was first prejudiced by his attorney's failure to lodge an objection to the simultaneous imposition of the § 2B1.1(b)(19) and § 3B1.3 enhancements at sentencing. He was then prejudiced by his attorney's failure to appeal the sentence, which almost certainly would have been successful. *See Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001) (to demonstrate prejudice, defendant must show a reasonable probability that he would have prevailed on appeal had counsel raised the claimed issue). Now, Mr. Blount is serving a 235-month sentence, one that is nearly four years above his properly calculated guideline range, and is confined to the narrow strictures of 28 U.S.C. § 2255 to obtain relief.

### C. Conclusion.

Mr. Blount's motion to set aside and correct his sentence under § 2255 is his last and only opportunity to correct the significant procedural error that occurred at his sentencing hearing. He missed both chances to correct this error—the first, at sentencing, and the second, on direct appeal—because of his attorney's ineffectiveness. He was prejudiced by that ineffective assistance because the guideline error was not a strategic choice, or a close call. It was contrary to the clear instructions of the guidelines, and if appealed, would have resulted in a resentencing. Mr. Blount moves the Court to set aside his sentence and to order a new sentencing hearing where the applicable sentencing guideline range is properly calculated.

Respectfully submitted,

*/s/Sara A. Johnson*
Sara A. Johnson (La. Bar No. 31207)
700 Camp Street
New Orleans, LA 70130
(504) 528-9500
sara@sarajohnsonlaw.com

## CERTIFICATE OF SERVICE

This certifies that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

Dated: November 7, 2016.      */s/Sara A. Johnson*
                                                     Sara A. Johnson